■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFONSO GUZMAN, Appellant. [746 NYS2d 481]

Defendant's suppression motion was properly denied. The record supports the court's finding that the officers' intrusion was justified under the emergency exception to the warrant requirement (*see, People v Mitchell*, 39 NY2d 173, 177-178, *cert denied* 426 US 953). The totality of the information possessed by the police, including the developing circumstances at defendant's apartment, warranted a reasonable belief that defendant was restraining, and possibly abusing, his girlfriend inside the premises. Rather than entering the apartment, the police took the more limited measure of removing the peephole on the apartment door. This was not motivated by an intent to make an arrest or to seize evidence; rather, the officers utilized the hole created in the door to assess the situation visually and eventually to convince defendant to allow his girlfriend to exit. Since the removal of the peephole and the resultant police observations were lawful under the circumstances, the court properly denied suppression of contraband that was ultimately recovered from the apartment as the result of a chain of events that began with these observations. Concur—Saxe, J.P., Buckley, Rosenberger, Friedman and Marlow, JJ.